Janet L. Hickson (SBN: 198849)
jhickson@shb.com
Mayela C. Montenegro (SBN: 304471)
mmontenegro@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendants
Wright Medical Technology, Inc.,
Wright Medical Group, Inc., and
MicroPort Orthopedics, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SIVILLI,<br><br>                    Plaintiff,<br><br>        v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation; WRIGHT MEDICAL GROUP, INC., a Delaware corporation; WRIGHT MEDICAL GROUP, N.V., a foreign corporation; MICROPORT ORTHOPEDICS, INC., a Delaware corporation; and DOES 1-20,<br><br>                    Defendants. | Case No. **'18 CV 2162 AJB JLB**<br><br>**DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC., WRIGHT MEDICAL GROUP, INC., AND MICROPORT ORTHOPEDICS, INC.'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**<br><br>[Filed concurrently with Civil Cover Sheet; Decl. of Janet L. Hickson; and Disclosure Statement]<br><br>Complaint Filed: August 1, 2018 |

1
2
3
4
5
6
7

## NOTICE OF REMOVAL OF CIVIL ACTION

1.     Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants Wright Medical Technology, Inc., Wright Medical Group, Inc., and MicroPort Orthopedics, Inc. (collectively, "Defendants") file their Notice of Removal in this case from the Superior Court of California for the County of San Diego, to the United States District Court for the Southern District of California.  In support of this Notice of Removal, Defendants state as follows:

8

## INTRODUCTION

9
10
11
12
13
14

2.     The United States District Court for the Southern District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Under 28 U.S.C. § 1441(b), no party properly joined and served as a defendant in this action is a citizen of California, the state in which this action was filed.

15
16
17
18
19
20
21

3.     This is a product liability action in which Plaintiff Victor Sivilli ("Plaintiff") alleges he underwent a right total hip arthroplasty on July 10, 2007, in San Diego, California where he was implanted with a hip prosthesis device manufactured by Defendants.  He alleges that on August 15, 2016, the neck component of the hip prosthesis broke, and on August 21, 2016, he underwent revision surgery to remove the hip prosthesis.  Plaintiff alleges he suffered injuries following the fracture of the neck component.

22
23
24
25

4.     On August 1, 2018, Plaintiff filed an action entitled *Victor Sivilli v. Wright Medical Technology, Inc., et al.* in the Superior Court of California for the County of San Diego, Case No. 37-2018-00038527-CU-PL-CTL.  (*See* Exs. A-2, B-2 ("Compl.").)

26
27

5.     In the Complaint, Plaintiff asserts the following causes of action: (1) strict products liability – manufacturing defect; (2) strict products liability – failure to

28

DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC. AND WRIGHT MEDICAL GROUP, INC.'S
NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

warn; (3) negligence; (4) negligence – failure to recall/retrofit; (5) fraudulent misrepresentation; (6) fraudulent concealment; and (7) negligent misrepresentation.

6.      Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc. were properly served with a summons and Complaint on August 28, 2018. (*See* Exs. A-1, A-2, B-1, B-2.)

7.      Based on a proof of service filed in state court on September 11, 2018, Defendant MicroPort Orthopedics, Inc. was allegedly served on August 17, 2018 via personal service.  (*See* Ex. C.)

8.      As of the time of this Notice, Defendant Wright Medical Group, N.V. has not been served.  (*See* Declaration of Janet L. Hickson ("Hickson Decl.") at ¶ 6.)

## **REMOVAL PROCEDURES**

9.      Pursuant to 28 U.S.C. § 1446(a), a civil action in state court may be removed to the United States District Court where such action is pending.  Because the state court action was filed in the Superior Court of California for the County of San Diego, this Court has removal jurisdiction.

10.     Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days after service.  Defendants were properly served with the summons and Complaint on August 28, 2018.  Thus, removal is timely.

11.     As required by 28 U.S.C. § 1446(a), attached herewith are copies of all process, pleadings, and orders in this action that are in Defendants' possession.  (*See* Exs. A-C).

12.     Venue is proper pursuant to 28 U.S.C. § 1391 because this action was pending in the Superior Court of California for the County of San Diego.

/ / /

/ / /

/ / /

## DIVERSITY JURISDICTION EXISTS
## BETWEEN THE PROPERLY JOINED PARTIES

13.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. §§ 1441 and 1446, in that there exists complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    Complete Diversity Of Citizenship Exists Between Plaintiff And The Properly Joined Defendants.**

14.     "Diversity jurisdiction requires complete diversity between the parties— each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

15.    Plaintiff alleges he is a resident and citizen of California.  (Compl. ¶ 3.) State citizenship for diversity purposes requires that the individual be domiciled in that state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Therefore, Plaintiff is a citizen of California.

16.    As for corporations, for the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

17.    Defendant Wright Medical Technology, Inc. is a company incorporated under the laws of the State of Delaware, with its principal place of business in Memphis, Tennessee.  (Compl. ¶ 4.)  Therefore, Wright Medical Technology, Inc. is a citizen of both Delaware and Tennessee.

18.    Defendant Wright Medical Group, Inc. is a company incorporated under the laws of the State of Delaware, with its principal place of business in Memphis,

DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC. AND WRIGHT MEDICAL GROUP, INC.'S
NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

Tennessee.  (Compl. ¶ 5.)  Therefore, Wright Medical Group, Inc. is a citizen of both Delaware and Tennessee.

19.   Defendant MicroPort Orthopedics, Inc. is a company incorporated under the laws of the State of Delaware, with its principal place of business in Arlington, Tennessee.  (Compl. ¶ 10.)  Therefore, MicroPort Orthopedics, Inc. is a citizen of both Delaware and Tennessee.

20.   While not yet served, Defendant Wright Medical Group, N.V. is alleged to be a foreign corporation with its United States headquarters in Memphis, Tennessee.  (Compl. ¶ 8.)

21.   The fictitious defendants named as Does 1 through 20 should be, and were, disregarded for purposes of assessing diversity of citizenship.  28 U.S.C. § 1441(b)(1).

22.   Since no defendant is a citizen of California, complete diversity exists between Plaintiff and the properly joined defendants.  The requisite diversity of citizenship is satisfied under 28 U.S.C. § 1332(a)(1).

**B.**   **The Amount In Controversy Exceeds $75,000.**

23.   The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

24.   A defendant may utilize the allegations in the complaint to establish the amount in controversy.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).  Alternatively, a defendant may set forth facts in its notice of removal demonstrating that the amount in controversy exceeds $75,000.  *Singer*, 116 F.3d at 377.  In determining the amount in controversy, a court can take into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages, and attorney's fees.  *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447,

449-50 (S.D. Cal. 1995) (considering general and special damages, punitive damages, and attorney's fees).

25.   Here, it is facially apparent from the Complaint that Plaintiff seeks damages in excess of $75,000.  Plaintiff alleges that as a result of the hip prosthesis fracture, he was taken to the emergency department and underwent revision surgery to remove the hip prosthesis.  (Compl. ¶¶ 71-72.)  He alleges that he sustained injuries and damages including "(a) undergoing surgery to remove and replace the failed prosthesis system; (b) past and future pain and anguish, both in mind and in body; (c) permanent diminishment of his ability to participate in and enjoy the affairs of life; (d) medical bills associated with the replacement procedure and recovery therefrom; (e) future medical expenses; (f) loss of enjoyment of life; (g) loss of past and future earnings and earning capacity; (h) disfigurement; and (i) physical impairment."  (*Id*. at ¶ 93.)

26.   Plaintiff further alleges "he is entitled to prejudgment interest . . . from the date that the defective Device was implanted into his right hip on July 10, 2007, and from the date that the defective Device fractured in his right hip on or about August 15, 2016, up to and including the date of judgment[.]"  (*Id*. at ¶ 94.)  Lastly, Plaintiff seeks punitive damages, attorneys' fees, and costs of litigation.  (*Id*. at p. 23, "Request for Relief.")

27.   In light of Plaintiff's allegations, it is facially apparent from the Complaint that he seeks damages in excess of $75,000.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (noting that "a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages") (internal quotations omitted) (emphasis in original); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (recognizing that "courts may use their judicial experience and common sense in determining whether the case

stated in a complaint meets federal jurisdictional requirements."). The amount-in-controversy requirement is satisfied.

## **CONCLUSION**

28. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

WHEREFORE, Defendants, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, remove this action from the Superior Court of California for the County of San Diego to this Court. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of San Diego, and written notice is being provided to Plaintiff.

Dated: September 17, 2018                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: _____/s/ Janet L. Hickson_____
   Janet L. Hickson
   Mayela C. Montenegro
  Attorneys for Defendants
  Wright Medical Technology, Inc. and
  Wright Medical Group, Inc.

1

# **DEMAND FOR JURY TRIAL**

2  Defendants Wright Medical Technology, Inc., Wright Medical Group, Inc., and

3  MicroPort Orthopedics, Inc. demand a trial by jury on all issues that may be tried by a

4  jury.

5

6  Dated:  September 17, 2018                SHOOK, HARDY & BACON L.L.P.

7

8                                           By: _____/s/ Janet L. Hickson_____

9                                                Janet L. Hickson
                                                 Mayela C. Montenegro
10                                               Attorneys for Defendants
                                                 Wright Medical Technology, Inc. and
11                                               Wright Medical Group, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC. AND WRIGHT MEDICAL GROUP, INC.'S
NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

# EXHIBITS

| Exhibit No. | Document | Page No. |
|---|---|---|
| A-1 | Summons served onto Wright Medical Technology, Inc. | 10 |
| A-2 | Complaint served onto Wright Medical Technology, Inc. | 13 |
| A-3 | Civil Case Cover Sheet | 37 |
| A-4 | Notice of Case Assignment and Case Management Conference | 39 |
| A-5 | Notice of Eligibility to eFile and Assignment to Imaging Department | 40 |
| A-6 | Alternative Dispute Resolution (ADR) Information | 41 |
| B-1 | Summons served onto Wright Medical Group, Inc. | 43 |
| B-2 | Complaint served onto Wright Medical Group, Inc. | 46 |
| B-3 | Civil Case Cover Sheet | 70 |
| B-4 | Notice of Case Assignment and Case Management Conference | 72 |
| B-5 | Notice of Eligibility to eFile and Assignment to Imaging Department | 73 |
| B-6 | Alternative Dispute Resolution (ADR) Information | 74 |
| C | Proof of Service of Summons pertaining to MicroPort Orthopedics, Inc. | 76 |

DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC. AND WRIGHT MEDICAL GROUP, INC.'S
NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL