Janet L. Hickson (SBN: 198849)
jhickson@shb.com
Mayela C. Montenegro (SBN: 304471)
mmontenegro@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendants Wright Medical Technology, Inc.,
Wright Medical Group, Inc., and MicroPort Orthopedics Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SIVILLI, | Case No. 3:18-cv-2162-AJB-JLB |
| Plaintiff, | Judge: Hon. Anthony J. Battaglia<br>Ctrm.: 4A (4th Floor Schwartz) |
| v. | |
| WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation; WRIGHT MEDICAL GROUP, INC., a Delaware corporation; WRIGHT MEDICAL GROUP, N.V., a foreign corporation; MICROPORT ORTHOPEDICS, INC., a Delaware corporation; and DOES 1-20, | **DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC. AND MICROPORT ORTHOPEDICS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | Date: November 15, 2018<br>Time: 2:00 p.m.<br>Ctrm: 4A (4th Floor Schwartz)<br><br>Complaint Filed: August 1, 2018 |

DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC. AND
MICROPORT ORTHOPEDICS INC.'S REPLY ISO MOTION TO DISMISS
Case No: 3:18-CV-2162-AJB-JLB

544077 v3

## I. INTRODUCTION

Plaintiff Victor Sivilli's ("Plaintiff") opposition to the Motion to Dismiss filed by defendants Wright Medical Technology, Inc. ("Wright Medical") and MicroPort Orthopedics Inc. ("MicroPort") (collectively, "Defendants") confirms that the Court should grant Defendants' Motion. Plaintiff completely ignores the controlling pleading standard required by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), which requires that a complaint contain specific *factual* allegations, and instead improperly claims he provided Defendants with "fair notice" of his claims. Opp'n at 5. This is simply not enough. The fact of the matter is that if Plaintiff had *facts* to support the allegations at issue in this Motion, he would have either alleged them in the Complaint or at least raised them in his Opposition. He did not do so. Accordingly, it is not appropriate to allow these causes of action to remain. Rather, the proper remedy is to grant Defendants' Motion. If facts come to light that actually support the causes of action at issue, then Plaintiff can seek leave to amend the Complaint and add them at that time. Accordingly, Defendants request the Court grant their Motion to Dismiss.

## II. ARGUMENT

### A. <u>Plaintiff's Manufacturing Defect Claims Should be Dismissed for Failure to State a Claim.</u>

Plaintiff's arguments regarding his manufacturing defect claim are a good example of this. Plaintiff first claims he adequately pled a manufacturing defect claim because the hip implant device at issue broke and, therefore, differed from its intended design, but then claims he cannot be more specific without conducting discovery. Opp'n at 4. Reading between the lines of his arguments, he is simply saying he has no facts to support a manufacturing defect claim. Indeed, simply because a device fails does not mean it fails due to a manufacturing process. Plaintiff can certainly conduct

2

discovery about the device specifications and, if facts develop to suggest a manufacturing defect exists, he can seek leave to amend at that time.

Further, to the extent Plaintiff relies on the opinion *Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149 (S.D. Cal. 2015), it is distinguishable from the instant case. In *Tapia*, plaintiff alleged that there were "serious problems with the **weld process**" involving the memory recoil ring causing the ring to break. *Id.* at 1157 (emphasis added). In other words, the manufacturing process at issue in *Tapia* was defined in the complaint. As another court articulated, "[t]he correct analysis focuses on the 'result' of the *manufacturing process* – whether the product came off the production line defective in some way.*" Schwartz v. Wright Med. Tech., Inc.*, No. EDCV1401615JGBSPX, 2014 WL 11320637, at *4 (C.D. Cal. Sept. 11, 2014) (emphasis added).

By contrast, here, Plaintiff's allegations focus on a condition of titanium that occurs over time, not during the manufacturing process. For instance, Plaintiff alleges Defendants were aware that the PROFEMUR® hip system was susceptible "to an unreasonably high propensity for corrosion, fretting, and fatigue under normal and expected use of the device[.]" Opp'n at 4; Compl. ¶ 99. Corrosion, fretting, and fatigue are results that occur over extensive use of the hip prosthetic device – they are not "defects" of the manufacturing process. To the extent Plaintiff criticizes the use of titanium or the way the components fit together such that it could result in corrosion, fretting, and fatigue over time, that is more aligned with a purported design defect rather than manufacturing defect.[1] Thus, Plaintiff fails to provide sufficient factual allegations as to how his own PROFEMUR® hip system either deviated from

---

[1] Plaintiff contends that "Defendants offer no authority for the proposition that factual allegations in support of one claim cannot also support another, alternative, claim." Opp'n at 4. Defendants do not deny that Plaintiff can assert alternative claims, but in this instance, Defendants are challenging the allegations pertaining specifically to a manufacturing defect. If Plaintiff is asserting a manufacturing defect claim, then he must provide sufficient factual allegations to support a manufacturing defect claim.

Defendants' intended design or deviated from other identical models during the manufacturing process.  This claim should be dismissed.

### B. Plaintiff's Claim for Negligence – Failure to Recall/Retrofit Should Be Dismissed for Failure to State a Claim.

Likewise, Plaintiff's claim for negligence – failure to recall/retrofit should be dismissed because Plaintiff fails to provide any factual allegations, but merely recites the elements of the claim.  Particularly in the context of a medical device where the PROFEMUR® hip system is purchased only by prescription of a healthcare provider, Plaintiff provides no factual allegations as to how Defendants failed to recall/retrofit the device or warn of the danger of the device, or how Defendants' purported failure to recall/retrofit the device was a substantial factor in causing Plaintiff's harm.  Thus, the absence of factual allegations about how Defendants were purportedly negligent for failing to recall and/or retrofit the device renders this claim deficient.  This claim should be dismissed.

### C. Plaintiff's Fraud-Based Claims Fail to Satisfy the Heightened Pleading Standard of Rule 9(b).

Plaintiff's fraud-based claims should also be dismissed because they do not satisfy the heightened pleading standard of Rule 9(b).  As an initial matter, Plaintiff does not allege if he or his doctors saw the purported misrepresentations; and if they did, he does not allege what purported misrepresentation they saw, when they saw it, where they saw it, or how they saw it.  Opp'n at 6-9.  He also does not allege that they relied on the purported misrepresentation, or that they specifically chose the PROFEMUR® hip system because they relied on the purported misrepresentation.  *See id*.  Further, he does not even allege whether he spoke with his implanting physician about the PROFEMUR® hip system, or whether he had any role in deciding the selection of the PROFEMUR® hip system.  *See id*.  There are no facts—only conclusory statements about general advertisements.  The absence of these basic

4

DEFENDANTS WRIGHT MEDICAL TECHNOLOGY, INC. AND MICROPORT ORTHOPEDICS INC.'S REPLY ISO MOTION TO DISMISS
Case No: 3:18-CV-2162-AJB-JLB

factual allegations is notable, and renders them insufficient to assert a fraud-based claim.

Furthermore, Plaintiff does not address Defendants' argument about improperly lumping all Defendants.  *See* Mot. at 9-10.  Given the absence of an opposition, it appears that Plaintiff concedes this point.  Consequently, Plaintiff's fraud-based claims should be dismissed.

### D. Plaintiff's Claim for Punitive Damages Should be Dismissed or Stricken.

Since Plaintiff's fraud-based allegations fail to satisfy the heightened pleading standard of Rule 9(b), and Plaintiff does not oppose Defendants' argument about improperly lumping all Defendants, his claim for punitive damages should be dismissed or stricken.  As Plaintiff's Complaint currently stands, there is no basis for punitive damages.

## III. CONCLUSION

Based on the foregoing, Defendants request the Court grant its Motion to Dismiss, and dismiss these claims with prejudice.

Dated:  October 16, 2018

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Mayela C. Montenegro
Janet L. Hickson
Mayela C. Montenegro
Attorneys for Defendants Wright Medical Technology, Inc., Wright Medical Group, Inc., and MicroPort Orthopedics Inc.

5